# UNITED STATES DISTRICT COURT
## District of Massachusetts

Civil Action No. _____

Complaint

This is a civil action for damages brought pursuant to the United States Constitution and 42 U.S.C. § 1983 resulting from deprivations, under color of law, of Plaintiff's rights under the fourth, fifth, sixth and eighth amendments to the United States Constitution and for tortious behavior under Massachusetts (state) law.

This Court has jurisdiction over these claims pursuant to article III, section 1 of the Constitution and 28 U.S.C. §§ 1331, 1332, and 1343. Plaintiff also invokes the pendant jurisdiction of this Court to decide the asserted statutory and common law tort claim. The amount in controversy exceeds $10,000.00 excluding interests and costs.

Venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(B).

## PARTIES

Richard Ronald Russo, the Plaintiff, is a

citizen of the United States and a resident of 20 Manning Ave. Middelton, MA 01949-2807.

Bryan Dasilva, a defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Everett Police Department. The acts of defendant Bryan Dasilva which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Bryan Dasilva is a resident of Everett.

Patrick Johnston, a defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Everett Police Department. The acts of defendant Patrick Johnston which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Patrick Jonhston is a resident of Everett.

John Cristiano, a defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Everett

Police Department. The acts of defendant John Cristiano which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant John Cristiano is a resident of Everett.

Sergeant Zielinski, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Everett Police Department. The acts of Defendant Sergeant Zielinski which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Sergeant Zielinski is a resident of Everett.

Ofc. Stabile, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Everett Police Department. The acts of Defendant Ofc. Stabile which are the subject of this lawsuit were undertaken in the regular course of her employment for Defendant Municipality. She is sued both individually and in her official capacity. Upon information and belief, Defendant Ofc. Stabile is a resident of Everett.

Steven A. Mazzie, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, the Chief of Everett Police Department. As such, he is the responsible party for supervising the training, instruction, discipline, control and conduct of Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the Everett Police Department including but not limited to those orders, rules, instructions and regulations concerning the use of force and of deadly weapons. He is sued both individually and in his official capacity. Upon information and belief, Defendant Police Chief is a resident of Everett.

Everett Police Department is a municipal corporation charged with and responsible for appointing and promoting, through the Mayor of Everett, the members of the Everett Police Department and for the supervision, training, instruction, discipline, control, and conduct of the Everett Police Department and its personnel. At all relevant times, Defendant Municipality had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Everett Police Department were consistent with the Constitution

and the laws of the municipality.

FACTS

At approximately 4:55 p.m., on May 17th, 2020, Richard Russo, Plaintiff went to the door of the apartment at 28 Veterans Ave. Everett MA, 02149, where he was visiting, in response to banging on the door by multiple Everett Police Officers and without knowledge of why members of the Everett Police Department were waiting outside demanding that the door be opened without a warrant.

Without warning or explanation, Defendant's Bryan Dasilva and Patrick Johnston, Police Officer's unlawfully without a warrant entered apartment and began to assault and beat Plaintiff. Plaintiff was struck and seriously injured by these assaults from Defendant's.

Throughout this incident, Plaintiff was unarmed and had no weapon of any kind. Plaintiff was not acting in any violent manner at any time during these assaults.

After these assaults by Defendant's Bryan Dasilva and Patrick Johnston, Plaintiff lost consciousness as a result of injuries from these

assaults and was transported to Everett Widden or CHA Everett Hospital where he was treated. Upon admission to the CHA Everett Hospital, Plaintiff was in serious condition. He remained there for approximately a couple hours.

Plaintiff was severely injured as a result of these assaults. Plaintiff suffered from numerous serious injuries, including but not limited to multiple contisions, severe head trauma, a 3 inch gash above the right eyebrow, and multiple abrasions about the head and face. He suffered and continues to suffer great physical, mental, and emotional pain and distress as a result of these assaults.

Upon information and belief, sometime prior to May 17th, 2020 Steven A. Mazzie, Defendant Police Chief promulgated the policy of the Everett Police Department for the use of physical force, set forth in the Everett Police Department Manual as section_____ Section _____ was the official custom and policy of the Everett Police Department for the use of physical force on May 17th, 2020.

COUNT 1

Paragraphs 1 through 17 are adopted and incorporated by reference.

Acting under color of law and the authority of Defendant Municipality, Defendant Police Officers, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights caused Plaintiff to be deprived of his Constitutional Rights, including but not limited to those under the fourth, fifth, sixth, and eighth amendments by:

a: using a degree of force that was unreasonalbe under the circumstances, and in violation of Plaintiff's rights to be free of an unreasonable seizure under the forth amendment;

b: subjecting Plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments; and

c: depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the fifth amendment.

Defendant Police Chief, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his Constitutional Rights

including but not limited to the fourth, fifth, sixth, and eighth amendments, by:

a: failing to supervise properly the training and conduct of Defendant Police Officers;

b: failing to enforce the laws of Massachusetts, and the provisions of the Constitution of the United States concerning use of force by members of the police force while making an arrest; and

c: promulgating and issuing section _____ of the Police Manual.

Plaintiff's injuries and deprivations of constitutional rights were proximately caused by Defendant Police Chief's:

a: inadequate supervision of the training and conduct of Defendant Police Officer's;

b: failure to enforce the laws of Massachusetts and the provisions of the Constitution of the United States; and

c: issuance of vague, confusing, and contradictory policies concerning the use of force that are inconsistent with the requirements of the fourth, fifth, sixth, and eighth amendments of the United States Constitution.

Defendant Municipality, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted, and tolerated the custom and practice of the

unconstitutional and excessive use of force by members of the Everett Police Department and, in particular by Defendant Police Officer's; by failing to:

a: appoint, promote, train and supervise members of the Everett Police Department who would enforce the laws in effect in Massachusetts and who would protect the constitutional rights of the people of Massachusetts;

b: require Defendant Police Chief to promulgate procedures and policies for the use of force that were consistent with the fourth, fifth, sixth, and eighth amendments of the Constitution; and

c: by permitting the policy and custom of using unreasonable force to exist and to be followed by the Everett Police Department,

thereby proximately causing the deprivation of Plaintiff's rights under the fourth, fifth, sixth and eighth amendments to the United States Constitution.

COUNT 2

Paragraphs 1 through 22 are adopted and incorporated by reference.

The above described assaults by Defendant Police Officers on the evening of May 17th, 2020 constitute assault and battery against Plaintiff under the laws of Massachusetts.

As a result of the assault and battery upon his person by Defendant Police Officers, Plaintiff has suffered severe and permanent physical and mental pain and distress.

Defendant Police Chief negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

COUNT 3

Paragraphs 1 through 27 are adopted and incorporated by reference.

The above described assaults by Defendant Police Officers on the evening of May 17th, 2020, constitute negligence and gross negligence under

the laws of Massachusetts.

The conduct of Defendant Police Chief in failing to properly train, supervise and control the conduct of Defendant Police Officers constitutes negligence and gross negligence under the laws of Massachusetts.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief, is liable under the doctrine of respondeat superior for the negligent conduct of the individual Defendants.

COUNT 4

Paragraphs 1 through 30 are adopted and incorporated by reference.

Defendant Police Officers negligently and intentionally deprived Plaintiff of his right under _____ of the _____ Municipal Regulations to be free from unnecessary and wanton force during arrest, by their malicious use of unreasonable and excessive force in assaulting plaintiff several times with their hands and closed fist punches.

As a result of Defendant Police Officers' use of

excessive and unreasonable force in arresting Plaintiff, Plaintiff suffered severe and permanent physical and mental pain and distress.

Defendant Police Chief negligently caused the above described injuries by failing to properly train members of the Everett Police Department to enforce the laws in effect in Massachusetts and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of force by members of the Everett Police Department.

Defendant Municipality negligently caused the above described injuries by failing to properly train, supervise and control the conduct of Defendant Police Officers by failing to train members of the Everett Police Department to enforce the laws in effect in Massachusetts and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of force by members of the Everett Police Department.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

COUNT 5

Paragraphs 1 through 35 are adopted and incorporated by reference.

Defendant Police Officers, in assaulting Plaintiff several times with their hands and closed fists, acted in an extreme and outrageous manner, intentionally and with reckless disregard for Plaintiff's welfare, inflicted severe and permanent emotional distress on Plaintiff.

Defendant Police Chief negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

COUNT 6

Paragraph 1 through 39 are adopted and incorporated by reference.

Defendant Police Officers in assaulting Plaintiff several times with their closed fists and hands negligently inflicted severe and permanent emotional distress on Plaintiff.

Defendant Police Chief negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

Requested Relief

WHEREFORE, Plaintiff prays that this Court:

1. award to Plaintiff compensatory damages in an amount to be determined at trial, but not less than the amount of $250,000.00, jointly and severally against Defendants for the matters alleged in this complaint;

2. award to Plaintiff punitive damages in an amount to be determined at trial against all Defendants except Defendant Municipality;

3. award to Plaintiff reasonable costs and attorney's fees;

4. grant such other and further relief as this Court deem just and proper.

Demand For Trial By Jury

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable

Richard R. Russo
Pro Se
20 Manning Ave.
Middleton, MA 01949